Barbara Gunther, Esq. Assistant Corporation Counsel City of Mount Vernon
You have asked whether a municipality may excise from its contracts the clauses required by sections 103-a of the General Municipal Law and 222 of the Labor Law.
General Municipal Law, § 103-a and § 103-b provide that if a contractor refuses to waive immunity or to answer questions when called to testify concerning transactions or contracts with the State or any of its subdivisions, his existing contracts may be canceled and he is disqualified from further transactions or contracts for five years. Section 103-a requires a clause to this effect to be inserted in all contracts.
The Supreme Court of the United States in Lefkowitz v Turley, 414 U.S. 70
(1973), held these sections unconstitutional. In so doing, the Court affirmed the judgment of the United States District Court (id. at 85). The Court below had said:
 "Until rewritten so as to comply with constitutional standards, Sections 103-a and 103-b of New York's General Municipal Law and Sections 2601 and 2602 of the New York Public Authorities Law are unconstitutional, and the defendants are enjoined from their further enforcement." (Turley v Lefkowitz, 342 F. Supp. 544, 549 [WDNY, 1972].)
The defendants included the Governor and the Attorney General. The sections have not been rewritten.
We think that you should excise the clause required by section 103-a. At the very least, the clause is unenforceable. In any event, even if one construes the judgment not to extend to enjoining the insertion of the unenforceable clause in contracts, the failure to insert the clause can hardly be considered malfeasance by a contracting officer. Indeed, an argument can be made that inclusion of the clause, knowing it to be unenforceable, is improper, for a contractor not aware of the Turley case might be misled and sign a waiver of immunity not knowing that if he refused to sign, his contract could not be canceled or that he could not be disqualified from further contracts.
Section 222 of the Labor Law requires municipalities to insert a clause in every construction contract for public works stating that if the section is not complied with, the contract is void. Compliance requires a contractor to give preference in employment to residents of New York State and within New York State to give such preference to residents of a Statistical Metropolitan Sampling Area when the unemployment rate in the area is above 6% for a specified period of time. In Salla v County of Monroe, the Court of Appeals declared the preference requirement for residents of the State invalid under the Privileges and Immunities Clause of the United States Constitution (48 N.Y.2d 514 [1979], cert den., sub nom Abrams v Salla, 64 L ed 262
[1980]). The Court did not discuss the in-State preference in high unemployment areas. The Court did, however, note that the Supreme Court, Monroe County, had granted the relief sought — a declaration that section 222 was "unconstitutional" and an injunction enjoining enforcement of the section (pp 519-20). For the same reasons given earlier for section 103-a, we think that you should excise the clause required by section 222.
We recognize a difference between these two declarations of unconstitutionality. The Salla case dealt only with the preference given to State residents under a section that also gives a preference to residents of areas within the State. We find this a difference of no significance. Section 222 was declared unconstitutional, not just that part of the section that was litigated. Even if there had been a separability provision in the Labor Law preserving parts of the law notwithstanding the unconstitutionality of other parts — see, for example, section 55 of the Municipal Home Rule Law — the courts would undoubtedly have struck down the entire section on the ground that the Legislature would not have intended, in effect, to keep resident construction workers off a job while having to allow non-residents on the job.
We conclude that the clauses required by sections 103-a of the General Municipal Law and 222 of the Labor Law should not be included in municipal public works contracts.